UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Alvord Investments, LLC | Court File No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The Hartford Financial Services Group, Inc., and Twin City Fire Insurance Company, | **Plaintiff Demands Trial by Jury** |
| Defendants. | |

Plaintiff, Alvord Investments, LLC, ("Alvord") for its Complaint against Defendants, The Hartford Financial Services Group, Inc., and Twin City Fire Insurance Company (collectively "Hartford") alleges as follows:

1.  This is an insurance coverage lawsuit in which Alvord seeks a determination: (1) that the Hartford Directors and Officers Liability Policy at issue provides coverage for the underlying Demand for Arbitration and Complaint encaptioned *Dynamic Growth Partners v. Lenny's Franchisor, LLC*, served on Alvord in draft form on or about May 23, 2008 ("DGP Demand") and subsequently expanded and filed with the American Arbitration Association in Miami, Florida on or about October 1, 2008 ("DGP Litigation"); (2) that Hartford has breached its duty of good faith toward Alvord by unreasonably delaying a formal response to Alvord's tender of the DGP Demand and the DGP Litigation, which delays amount to a constructive denial of coverage; (3) that Hartford, by failing to timely acknowledge its

coverage obligations to Alvord for the DGP Demand under its D&O Policy, deprived Alvord of an opportunity to resolve the DGP Demand before it ripened into the DGP Litigation, which delay has caused Alvord to sustain damages in the nature of attorney fees, costs incurred and to be incurred associated with the initial demand and ongoing DGP Litigation, adverse publicity and such additional expenses and consequential damages as might be proven at trial.

## PARTIES

2.  Alvord is a Tennessee limited liability company.  Lenny's Franchisor, LLC ("Lenny's") is a single member Tennessee limited liability company wholly owned by Alvord.  Both Lenny's and Alvord Investments, LLC are headquartered in Memphis, Tennessee.

3.  The Hartford Financial Services Group, Inc. is a Delaware corporation with its principal place of business in Connecticut.

4.  Twin City Fire Insurance Company is an Indiana corporation with its principal place of business in Connecticut.

## JURISDICTION AND VENUE

5.  This Court has personal jurisdiction over Hartford because Hartford has transacted business in the State of Tennessee including, but not limited to, negotiating and entering into insurance contracts with Alvord through Alvord's Tennessee insurance broker, Lipscomb & Pitts Insurance, LLC of Memphis, which were to be performed, in whole or in part, in Tennessee.

6.    Jurisdiction exists under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and the controversy is between citizens of different states.

7.    Venue exists in this Court by virtue of the provisions of 28 U.S.C. § 1391 in that the claim is being brought in a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred, and defendants reside in the district as defined in 28 U.S.C. § 1391(c).

## FACTS

8.    By letter dated May 23, 2008, enclosing a drafted Complaint and demand for arbitration, Dynamic Growth Partners ("DGP") asserted a claim against Lenny's for monetary damages (the "DGP Demand") allegedly resulting from wrongful acts by Lenny's, including allegations of fraud in the inducement, violation of Florida's Deceptive and Unfair Trade Practices Act, breach of Florida's Franchise Act and Business Opportunities Act, and a prayer for rescission.

9.    Acting through its insurance broker, Lipscomb & Pitts Insurance, LLC, Alvord promptly tendered the demand letter and its enclosures to Hartford under the Directors and Officers Liability Policy No. 00 KB 0237894-07 ("D&O Policy") issued by Hartford.

10.    By e-mail correspondence of July 3, 2008, Hartford informally denied that its D&O Policy provides any coverage to Alvord for the DGP Demand, in reliance on an exclusion for claims "… based upon, arising from, or in any way related to any Claim made by or on behalf of any franchisee of the Company in any capacity."  In that same e-mail correspondence, Hartford informally asserted, as a further basis for denial of coverage, a policy exclusion for any claim "…based upon, arising from, or in any way related to any

liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement." Hartford concluded its informal denial of coverage by representing that a "formal letter" setting forth Hartford's coverage position would follow shortly.

11.     Despite Hartford's representation, a "formal letter" setting forth Hartford's coverage position did not follow.  When Alvord later followed up with Hartford regarding its formal coverage position, Alvord was informed that Hartford's informal coverage position was still being evaluated and was again told that a formal coverage opinion would follow.

12.     Ultimately, having received nothing from Hartford in the way of a "formal" coverage assessment, by letter of August 27, 2008 Alvord challenged Hartford's informal denial of coverage for the DGP Demand on grounds that DGP was not a franchisee of Lenny's "in any capacity" at the time it brought its Demand, nor was DGP a franchisee of Lenny's "in any capacity" at the time of the events complained of in the DGP Demand. Alvord further challenged Hartford's informal denial of coverage for the DGP Demand on grounds that one or more of the claims in the DGP Demand did not relate to "liability under any contract or agreement" but rather sounded in fraud.

13.     Hartford again failed to respond in a timely fashion to Alvord's August 27, 2008 renewed request for coverage under the D&O policy.

14.     By letter of September 30, 2008, DGP formally served and filed, with the American Arbitration Association in Miami, Florida, its arbitration demand and a finalized Complaint against Lenny's alleging wrongful acts by Lenny's including but not limited to allegations of fraud in the inducement, violation of Florida's Deceptive and Unfair Trade

-4-

Practices Act, breach of Florida's Franchise Act and Business Opportunities Act, violation of Tennessee's Consumer Protection Act, and prayers for rescission.

15. Alvord promptly tendered the DGP Litigation to Hartford under its D&O Policy through its broker, Lipscomb & Pitts Insurance, LLC.

16. Hartford failed to respond in a timely fashion, formally or informally, to Alvord's tender of the DGP Litigation.

17. By letter of December 5, 2008, Hartford issued a formal declination of coverage for the DGP Litigation. Contrary to established rules of insurance policy construction, Hartford's coverage declination asserted and relied upon a very broad interpretation of provisions in two separate exclusions to the D&O policy. Hartford's interpretation of the D&O Policy is incorrect and inconsistent under the applicable law governing the D&O Policy.

18. Defendant Hartford sold D&O Policy No. 00 KB 0237894-07, to Alvord for the October 24, 2007 to October 24, 2008 policy period. The D&O Policy is at issue in this litigation.

19. The Limit of Liability under the D&O Policy (Inclusive of Defense Costs) is $3,000,000 in the aggregate for all claims first made during the policy period, subject to a $15,000 deductible.

20. The Insuring Clause of the D&O Policy expressly states that it provides coverage for "…Loss on behalf of an Insured Entity resulting from an Entity Claim first made against such Insured Entity during the Policy Period ... for a Wrongful Act by the Insured Entity."

21. "Insured Entity" is defined in the D&O Policy as meaning "… the Named Entity; or … any Subsidiary."

22. "Entity Claim" is defined in the D&O Policy to include any "… written demand for monetary damages or non-monetary relief commenced by the receipt of such demand …"

23. "Wrongful Act" is defined in the D&O Policy to include "… any actual or alleged: (1) error, misstatement, misleading statement, act, omission, neglect or breach of duty;"

24. Lenny's, as a subsidiary of Alvord, qualifies as an Insured Entity under the D&O Policy.

25. The claims against Lenny's in the DGP Demand and DGP Litigation assert one or more "Wrongful Acts" by Lenny's, as that term is defined in the D&O Policy.

26. DGP's Complaint alleges, inter alia, that Lenny's made "projections for the sales, costs and profits for one hundred (100) stores … [that] have turned out to be wildly inaccurate" and that Lenny's "omitted to disclose the facts and information of which they had a duty to do."

27. Hartford's failure to acknowledge its coverage obligations to Alvord relative to the DGP Demand precluded an effective negotiation and resolution of that matter and caused it to escalate into the DGP Litigation.

## COUNT I

### DECLARATORY JUDGMENT
### (Coverage under the D&O Policy for the DGP Demand and the DGP Litigation)

28.     Alvord states and realleges the allegations contained in the paragraphs above and reincorporates the same as if more fully set forth herein.

29.     Under Hartford's D&O Policy, Alvord is entitled full coverage of Loss (settlements/judgments) and Defense Costs for the DGP Demand and the DGP Litigation, as defined by the D&O Policy.

30.     By e-mail correspondence of July 3, 2008, Hartford informally denied that its D&O Policy provides any coverage to Alvord for the DGP Demand, in reliance on an exclusion for claims "… based upon, arising from, or in any way related to any Claim made by or on behalf of any franchisee of the Company in any capacity."  In that same e-mail correspondence, Hartford informally asserted, as a further basis for denial of coverage, a policy exclusion for any claim "…based upon, arising from, or in any way related to any liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement." Hartford concluded its informal denial of coverage by representing that a "formal letter" setting forth Hartford's coverage position would follow shortly.

31.     Despite Hartford's representation, a "formal letter" setting forth Hartford's coverage position did not follow and has not been issued to this date.  When Alvord later followed up with Hartford regarding its formal coverage position, Alvord was informed that Hartford's informal coverage position was still being evaluated and was again told that a formal coverage opinion would follow.

32.     Ultimately, having received nothing from Hartford in the way of a "formal" coverage assessment, by letter of August 27, 2008 Alvord challenged Hartford's informal denial of coverage for the DGP Demand on grounds that DGP was not a franchisee of Lenny's "in any capacity" at the time it brought its Demand, nor was DGP a franchisee of Lenny's "in any capacity" at the time of the events complained of in the DGP Demand. Alvord further challenged Hartford's informal denial of coverage for the DGP Demand on grounds that one or more of the claims in the DGP Demand did not relate to "liability under any contract or agreement" but rather sounded in fraud.

33.     Hartford has not responded, formally or informally, to Alvord's letter of August 27, 2008.

34.     On or about October 1, 2008, Lenny's was served with the DGP Litigation. Alvord timely tendered that litigation to Hartford through its broker, Lipscomb & Pitts Insurance, LLC.  Despite the timely tender of the DGP Litigation and Hartford's previous notice of the DGP Demand, Alvord has yet to receive any acknowledgment of this tender or any determination of coverage from Hartford.

35.     By reason thereof, an actual and justiciable controversy presently exists between the parties on whether Hartford owes Alvord a duty of coverage under the D&O Policy.

36.     Accordingly, Alvord also seeks a judicial declaration that it is entitled to full coverage under the D&O Policy for the DGP Litigation from the date of Alvord's initial tender through the full and final resolution of that litigation.

## COUNT II

## BREACH OF CONTRACT
**(Claim for attorney fees and consequential damages for Hartford's coverage denials)**

37. Alvord states and realleges the allegations contained in the paragraphs above and reincorporates the same as if more fully set forth herein.

38. Under the D&O Policy, Hartford has a duty to reimburse Alvord's defense costs and to indemnify Alvord from all loss and damages which Alvord becomes legally obligated to pay in the DGP Litigation.

39. Despite a timely tender by Alvord, Hartford wrongfully declined coverage for the DGP Demand under its D&O Policy, through its informal denial of coverage and its failure to timely issue a formal coverage determination.

40. Despite Alvord's challenge to its informal denial of coverage, Hartford failed to respond in any way to that denial, and persisted in its failure to issue any formal determination of coverage under its D&O Policy for the DGP Demand.

41. Through its wrongful and/or constructive denial of coverage for the DGP Demand and its de facto denial of coverage for the DGP Litigation, Hartford has breached its contractual duties to Alvord.

42. Hartford's breach of its duty to accept coverage for the DGP Demand and DGP Litigation has caused Alvord to incur substantial legal fees and expenses, in this litigation and otherwise, to pursue its defense of the litigation matters, to preserve its legal rights and to secure the coverage to which it is contractually entitled.

**WHEREFORE**, Alvord requests judgment against Hartford as follows:

On Count I, a judicial declaration that the Hartford Directors and Officers Liability Policy issued to Alvord provides coverage for the allegations and damages sought in the DGP Litigation and an award to Alvord of its attorneys' fees and disbursements incurred in pursuing coverage from Hartford and in bringing this action;

On Count II, an award to Alvord of its damages, attorneys' fees and disbursements incurred in pursuing coverage from Hartford and in bringing this action; together with such other and further relief as the Court may deem just, proper and equitable, including but not limited to, prejudgment interest and court costs.

Dated:  February 11, 2009

**FAEGRE & BENSON, L.L.P.**

By  s/Diana Young Morrissey
   Diana Young Morrissey
   2200 Wells Fargo Center
   90 South Seventh Street
   Minneapolis, MN 55402
   Phone:  (612) 766-7000
   dmorrissey@faegre.com

**PIETRANGELO COOK PLC**

By /s/ Jonathan P. Lakey
   Jonathan P. Lakey, Esq. (TN Bar No. 16788)
   6410 Poplar Avenue, Suite 190
   International Place, Tower II
   Memphis, TN 38119
   Phone:  (901) 685-2662
   anthony@pietrangelocook.com
   jlakey@pietrangelocook.com

**ATTORNEYS FOR PLAINTIFF**

fb.us.3336539.04